BLOWERS *v.* ONE WIRE ROPE CABLE AND NEW YORK WIRE ROPE CO.

*(Circuit Court, S. D. New York.* August 1, 1884.)

1. CONTRACT—MUTUAL PERFORMANCE.

When two acts are to be done concurrently by parties under a contract, the obligation on the part of each is dependent upon that of the other, and the act of each is done upon implied condition of performance by the other.

2. ESTOPPEL—SEIZURE OF BOAT—ASSERTION OF FAILURE TO EARN, WHEN PLAINTIFF THE CAUSE.

The vendor of a cargo delivered by him on libelant's boat, to be carried by libelant for a third party, appropriated the boat in order to coerce payment from such party of the purchase price of the cargo. The vessel owner having libeled the cargo, *held,* that the vendor, who intervened as claimant, was estopped from claiming that the libelant had not earned freight.

In Admiralty.

*T. C. Campbell,* for libelant.

*Scudder & Carter,* for claimant.

WALLACE, J. There is nothing in the terms of the contract between the libelant and the Cable Towing Company necessarily inconsistent with the intentions of the parties to recognize the existence of a lien of the libelant upon the cable for his freight. Payment of the freight was to be made by the Cable Towing Company concurrently with the delivery of the cargo, although the libelant was to commence delivery before payment. The contract provided for a peculiar mode of delivery of the cargo, but it does not differ otherwise essentially from the common contract for the payment of freight upon delivery. Where two acts are to be done concurrently by parties under a contract, the obligation on the part of each is dependent upon that of the other, and the act of each is done upon the implied condition of performance by the other.

The Wire Rope Company, the claimant, prevented the libelant from performing his contract with the Cable Towing Company and earning his freight. The claimant knew, or had notice equivalent to knowledge, of the terms of the contract between libelant and the Cable Towing Company, and knew that the libelant was not the agent of that company in receiving the cable. The claimant also knew that by appropriating libelant's boat in order to coerce the Cable Towing Company to pay for the cable, the libelant would be prevented from performing his contract with that company, and from earning his freight. The circumstance that the claimant had the right to thus compel payment of the Cable Towing Company as against that company, does not affect the rights of the libelant, because as against him the claimant had no such right. Under such circumstances the libelant is not to be placed in a worse condition through the conduct of the claimant than he would occupy if he had been permitted to perform his contract and earn his freight. The claimant should, therefore, be deemed estopped from asserting that the libelant did not earn his freight.

The decree of the district court is affirmed, with costs of this appeal.